States v. Mboule. The first issue I think, of course, needs to be resolved is whether the appellate waiver in the plea agreement precludes this appeal. It is our position that it does not, for multiple reasons, but chief among them I believe is the plain language of the plea agreement, which also incorporates the cooperation agreement. If the defendant breached his cooperation, we agree with that. The district court found such, we're not contesting it. And he is not to benefit from his lies to the government agents in the proffer. But the question is what the appropriate remedy is. Our position is that the government certainly had a right, of course, to rescind its agreement to make any cooperation known to the court. Had a right to object to acceptance of responsibility. Had a right to tear up the plea agreement if it exercised that option. But what our position is, is that if any of those occurred, the appellate waiver should have fallen with the rest of the plea agreement. And that's because- Yes, but the rest of the plea agreement has not fallen. It has not been withdrawn. And that's the only issue before us on appeal, whether the district judge abused his discretion in not setting aside the plea agreement. Perhaps, time is short, you might want to turn to that. Yes, your honor. Our position is that a hearing should have been held on this issue because even as late as sentencing, the record indicated that the defendant did not understand that he was giving up his right to appeal. And it started, I think the confusion starts- Are you contending that there is some problem with the Rule 11 colloquy? Not a problem, but there was some ambiguity as to the appellate waiver and the specific portion- So what was the problem? The problem- Rule 11, I think it's Rule 11M, says a defendant must be specifically advised about an appellate waiver and must show that that waiver is voluntary. So was there any problem with that plea colloquy? I didn't see such an argument in your brief. Our position is the magistrate judge who conducted the Rule 11 colloquy recited the terms of the plea agreement correctly. But the portion is paragraph 39 of the plea agreement and also at the end, page 24 of the cooperation agreement, it refers to voiding the agreement in its entirety if there is a breach. It says nothing about that the appellate waiver will remain in effect. So are you- There's no argument in your brief that Rule 11 was violated. It sounds like you're now arguing that Rule 11M was violated. Our argument is that a hearing should be held to determine if the defendant- No, first you have to make an argument that Rule 11M was violated. And then we go to the transcript to see whether it was or not. This is not done by hearings. It's done by examining the transcript of the plea colloquy. But your brief does not seem to make such an argument. The argument I grasp from your brief is that because after he failed to keep his side of the bargain, the defendant didn't get anything out of his plea and therefore he's entitled to have it set aside. That's an argument that by breaking his own promise he can get out of the whole plea. That argument is- Well, that's a very different argument from a Rule 11 argument. So what is your argument? I'm now greatly puzzled. The argument is that the defendant- It was not a knowing and intelligent plea because the defendant did not know that he was giving up his right to appeal. That is a Rule 11 argument. And if you're not saying there was a problem in compliance with Rule 11, I mean, we will go in light of this argument, we will go and look at the transcript and see whether the judge complied with that part of Rule 11. But arguments that I said all the right things, the judge said all the right things, I said all the right things, but my head was empty, that's not going anywhere. That kind of argument comes up all the time and it just doesn't win on appeal. I understand. And the only reason we are raising it on appeal is because it was raised to the district court. Had it not been raised, of course it would be frivolous on appeal, but the defendant tried to express, based respectfully on my view of the record, his misunderstanding as to that issue. And as to the other issues, whether the appellate waiver precludes the other issues, we submit that again, the language of the plea agreement doesn't include an express waiver of the appeal So if the government exercises its option to withdraw from the plea agreement, turning to the sentencing issues, if the court gets to... No, there isn't any sentencing issue in this case. There are two possibilities. The plea is set aside. In that event, it goes back to the district court. Sentencing is irrelevant. The other possibility is the plea isn't set aside. In that event, the appeal waiver is enforced and sentencing is irrelevant. There is no sentencing issue. The only issue is whether the district court abused his discretion in not setting aside the plea. Yes, Your Honor. I'll confine my argument to that. And we believe that the record was sufficient to merit an evidentiary hearing. Even as late as the defendant's statement in allocution, he was laboring under at least his misunderstanding that he had a right to appeal. He states in allocution, I want to preserve my right to appeal. He writes in a letter to his then-counsel, Mr. Sarum, which is document 36 in the record, I'd like to plead, he calls it a straight plea, he's referring to an open plea or a blind plea. So I would agree that he cannot crawl into a defendant's head on appeal. But here in the record, the defendant's voicing his understanding that he wanted to preserve his right to appeal, presumably through an open plea. I see I'm now into my rebuttal time. I'd like to reserve that. Thank you. Certainly, Mr. Shepard. Mr. Hodges. May it please the court. My name is Grant Hodges on behalf of the United States of America. Judge Easterbrook, as you said, this appeal is really about one issue and one issue only, and that is whether the district court abused its discretion in not granting an evidentiary hearing. If it didn't, then the appellate waiver in the defendant's plea agreement remains operative and resolves this appeal. Now with respect to that question, I think our position is first and foremost that under this court's 2018 decision in Perillo, the defendant, by virtue of how his plea agreement or appellate waiver was drafted and what he agreed to, that waiver actually precludes review of even the district court's ruling on the motion to withdraw the guilty plea. That can't be right. We have said countless times that an appeal waiver stands or falls with the plea. You cannot waive a right to contest the validity of the plea. Right? That's straightforward. You would have to ask us to overrule more cases than you can count to depart from that. Otherwise, you're in a world in which through arm twisting, and I mean literal arm twisting or waterboarding or something like that, you could get the defendant to enter a plea and then say, well, he's entered the plea, so you can't contest the fact that it was achieved by waterboarding. No. Doesn't happen. Doesn't work. The question I have based on Mr. Shepard's argument is, did the plea colloquy comply with Rule 11B and it's N. I mentioned M. N is the correct sub part. Did it? Yes, Your Honor. It was, I believe, 41 minutes long. Yeah, yeah. It doesn't matter how long it is. I'm asking about sub N, the specific warning about appellate waivers. Yes, Your Honor. The magistrate judge went through the appellate waiver provision in detail with the defendant during the plea colloquy. He also went through the other subsections of N as well, and most of those were even included in the plea agreement itself, such as advising on the elements of the offense, the potential penalties. The magistrate judge went through those separately, and then he went through the plea agreement virtually provision by provision. All right. I just want to be sure. I understand you. When we look at the plea colloquy, we will find the advice and specific waiver required by sub N. Yes, Your Honor. Okay. Yes. We will look. And in our view, that resolves this appeal, and as a result, the district court correctly denied the motion to withdraw, and it did so without an evidentiary hearing. I think the only other point that I would like to make is just that what was before the district court was a three-page motion to withdraw based on ineffective assistance of counsel about whether or not he had been appropriately advised about his ability to plead blind. And the district court, reviewing the Rule 11 colloquy, which, again, I think no one had challenged up until this point, but we've reviewed it as well, said the presumption of verity applies, self-serving assertions, unreliable or conclusory assertions are not enough to overcome that. As a result, it didn't order an evidentiary hearing, and it simply issued its order. So because, again, the Rule 11 colloquy was sufficient in our view, it covered everything that it needed to cover, and the defendant's assertions in his three-page motion directly or implicitly contradicted what was in the Rule 11 colloquy, in our view, the plea agreement remains in force. The district court reached the right result, it did through the correct process, and this court should affirm the district court's ruling. As a matter of background, Mr. Hodges, what additional steps, if any, did the government take to verify that the defendant had lied during the proffer session? And when did those occur? It sounds like the proffer session was just prior to the plea before the magistrate? Yes, Your Honor. It was several hours, I believe, before the plea before the magistrate. So all of that happened on the same day, the change of plea, the proffer session, and the execution of the plea agreement. At a later point, the FBI agent and the AUSA who was on the case went back and reviewed records that were returned through a subpoena. They also, I believe, reviewed public filings that were related to a real estate fraud case in Florida that ultimately led them to the woman who testified at the first sentencing hearing that she was this victim of the real estate fraud that the defendant had been involved with before the fraud that actually led to this case on the University of Illinois. So the confirmation is taking place in the days and weeks afterwards, somewhat different than the text messages that are shown during the course of the proffer? That's correct, Your Honor. The FBI agent had some text messages and WhatsApp messages during the proffer session, and then reading those text messages and WhatsApp messages correctly, whether they had perhaps misunderstood the evidence or whether the defendant was lying, and so then subsequent verification and confirmation took place in the weeks and months after. Thank you for that. Unless there are further questions, Your Honor, or Your Honors, we would ask that you affirm the district court. Thank you. Thank you. Anything further, Mr. Shepard? Very briefly, Your Honor. Your Honor, just in response to the last question to the government about when this post-plea evidence was discovered, of course I accept Mr. Hodges at his word, but that's not in the record, that evidence. It appears, and Judge Bruce ruled, and I believe that the government had pled that the defendant's pre-plea statements were already verifiably false. Now, I'm not suggesting, first of all, I'm not suggesting that the government at all acted in bad faith. They have a right to bring forth their evidence confronting the defendant whenever they do so, and that in of itself would not vitiate the knowingness of the plea, but when it does come forward after the plea, I think the consequences there are, does the appellate waiver remain in effect? And Judge Easterbrook, I'm very cognizant of your point. The question that's well taken is, did the plea colloquy comply with Rule 11, the language of it? And our only position that would add some ambiguity to that is when the court, and it's on page 28 of the change of plea transcript, describes what happens if a defendant violates. The court is describing paragraph 39, what happens when the defendant violates, and it says, quote, in this case, the United States has the option to declare the agreement null and void, and that it can exercise that agreement. If it does exercise its option to declare the agreement null and void, however, you are still not allowed to withdraw your previously accepted guilty plea. We agree that he couldn't necessarily ipso facto withdraw the plea, but at least could he have a hearing then to understand that he wouldn't have the right to appeal? He doesn't get the benefit of any plea agreement. The question is, did he understand that if the government is relieved of its obligations, that also meant he wouldn't have the right to appeal? That's the point of our brief. Thank you. Thank you. Thank you very much. The case is taken under advisement.